IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | CRIM. NO. JKB-18-321 |
| REINALDO ZAYAS MERCADO, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

Pending before the Court is Defendant Reinaldo Zayas Mercado's Emergency Motion to Reconsider Denial of Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A). (Mot. Reconsideration, ECF No. 85.) No hearing is necessary. *See* Local Rules 105.6, 207 (D. Md. 2018). For the reasons set forth below, the Motion will be DENIED.

The relevant background and legal standard is set forth in the Court's prior Memorandum and Order. (*See* Memorandum and Order at 1–3, ECF No. 81.) In short, 18 U.S.C. § 3582(c)(1)(A) authorizes the Court to modify a convicted defendant's sentence when "extraordinary and compelling reasons warrant such a reduction" and the court has "consider[ed] the factors set forth in section 3553(a) to the extent that they are applicable." *Id.*

The Court denied Defendant's prior request for compassionate release on the grounds that he had not established "extraordinary and compelling reasons" for release. (Memorandum and Order at 3–4.) The Court noted that Defendant had demonstrated that, in spite of his relatively young age, he suffered from medical conditions (obesity, cardiomyopathy, sleep apnea, deep vein thrombosis, a history of hypertension, and gout) that enhanced his risk of suffering from severe illness should he contract COVID-19. (*Id.*) However, the Court found that the lack of COVID-

1

19 cases among the inmates at FCI Cumberland and the fact that Defendant had served a mere 16.5 months of his 60-month sentence weighed against finding "extraordinary and compelling reasons." (*Id.*)

The changed situation at FCI Cumberland causes the Court to reconsider this determination. The BOP reports that there are currently 30 inmates with active COVID-19 cases at FCI Cumberland, and that 248 inmates have been infected and recovered. The combination of Defendant's aforementioned medical conditions and this outbreak collectively meets the "extraordinary and compelling reasons" threshold.

Nevertheless, the Court will deny Defendant's request for release because immediate release would be inconsistent with 18 U.S.C. § 3553(a). Section 3553(a) states that courts shall consider a variety of factors when imposing a sentence, including: "(1) [Defendant's] personal history and characteristics; (2) his sentence relative to the nature and seriousness of his offense; (3) the need for a sentence to provide just punishment, promote respect for the law, reflect the seriousness of the offense, deter crime, and protect the public; (4) the need for rehabilitative services; (5) the applicable guideline sentence; and (6) the need to avoid unwarranted sentencing disparities among similarly-situated defendants." *United States v. Bryant*, Crim. No. CCB-95-202-3, 2020 WL 2085471, at *4 (D. Md. Apr. 30, 2020). These factors do not permit Defendant's release at this time.

Defendant pled guilty to conspiracy to distribute and possess with intent to distribute 500 grams or more of a mixture or substance containing cocaine in violation of 21 U.S.C. § 846. (*See* Plea Agreement, ECF No. 46.) Though the record does not reveal the use of guns or violence, there were aggravating factors, including the sophistication of the operation and Defendant's attempt to flee. The parties acknowledged that Defendant was subject to a five-year mandatory

minimum (*See* Plea Agreement at 2), and given all the relevant factors, the Court found that this mandatory minimum represented the appropriate sentence. Intervening events have not changed the Court's view.

Were Defendant nearing the end of his 60 months, the Court would consider a modest reduction. But Defendant has served less than 2 years. To release him after such a short duration in light of the conditions discussed above would not accord with the seriousness of his offense or the need to punish and deter the misconduct at issue. The Court again acknowledges the very real danger posed by the COVID-19 pandemic and Defendant's legitimate concerns about his situation. Nonetheless, his Motion (ECF No. 85) is DENIED.

DATED this 13th day of January, 2021.

BY THE COURT:

_____
James K. Bredar
Chief Judge

3